West v. McKinney.

CASE 115—PETITION EQUITY—MARCH 3.

# West v. McKinney.

APPEAL FROM ESTILL COURT OF COMMON PLEAS.

CONSTRUCTIVE POSSESSION.—When a part of a large boundary of land of which one is in possession claiming to the extent of the boundary, so as to give him constructive possession of the whole, is separated from another part of the boundary by the sale of intervening portions of the land, his possession ceases to give him constructive possession of that part of the boundary from which he is thus separated.

In this action to enjoin defendant from cutting timber from land which both parties claim by possessory title, the plaintiffs claiming that their actual possession of a part of a large boundary of land which gave them constructive possession of the whole, still gives them constructive possession of all that remains unsold, which includes the land in controversy, it is competent for defendant to show that the part of the land of which plaintiffs are in actual possession has been entirely cut off from the land in controversy, by the sale of intervening portions of the boundary.

J. B. WHITE FOR APPELLANT.

1. There is no foundation to authorize a recovery for trespass to land without title or possession in complainant. (Bebee v. Hutchinson, 17 B. M., 498; Holderman v. Middleton, 6 Bush, 45.)

2. It was error to instruct the jury that appellant's boundary must be "marked and defined."

3. In an action for cutting timber on land if plaintiff fail to show title or possession, defendant is entitled to a peremptory instruction.

W. H. & G. E. LILLY FOR APPELLEE.

1. The court properly refused to instruct the jury to find for defendant, because, although the plaintiffs were unable to show any legal paper

title, they did show a possessory title, and possession is a fact for the jury, and not the court, to ascertain.

2. The evidence being contradictory and the jury having found for plaintiff under proper instructions, their verdict will not be disturbed.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

The children of Joseph McKinney instituted this action to enjoin the appellant, West, from cutting and removing timber from land belonging to them and derived by descent from their ancestor. The land in controversy is embraced within a large survey known as the Cottage Furnace lands, and containing in all eighteen thousand acres. Much of this land has been sold off, and farms now lie within the original boundary, composed of small tracts.

Both the plaintiffs and the defendant rely on a possessory title, and the appellees' attempt to recover on the idea that their ancestor was in the actual possession of all the land within the large survey, except such as had been sold, and this possession is claimed to have existed, because the possession within the boundary by their ancestor was the possession of the whole. On the trial of this action, there being an issue out of chancery with a view of testing the title, the appellant offered to prove that much of the land within the boundary of the Furnace tract had been sold off, and in such a manner as to sever the land into many parcels. His contention was, that an actual possession of one parcel of the original tract, that had been entirely severed for years, by other parcels that had been sold off, from parts of the remaining tract that had not been sold, did not give a constructive possession to the portion of the tract not actually occupied. The evidence was excluded, and in this the court erred. There is no evidence of title except that of possession

in the appellees, and in this large survey, where the greater portion had been sold off and divided into small farms many years ago, the possession of a part should not be construed as the possession of all the unsold land.

The appellant entered upon the land in dispute more than twenty years before this action was instituted; erected his dwelling-house; made all the improvements for a comfortable home; inclosed fifty or sixty acres of the land, and has been claiming, as he maintains, to a well-defined boundary outside of his inclosure, by using the land and timber as is usual with timber land adjoining inclosed fields. The separate boundaries of land within this large circle or boundary, now belonging to others, the appellees never had possession of, as is offered to be proven, but it is being contended that as the ancestor of the appellees, or those claiming under him, came at one time in possession of this eighteen thousand acres, and in possession now of a part of it, that this possession extends to all the land not previously disposed of. No patent or deed that would bring to the plaintiffs a constructive possession being exhibited, an actual possession must be shown.

If, therefore, the appellees or their ancestor was in the actual possession of a part of this tract, and there was no intervening tract severing that possession from that part of the land in dispute, and the appellant subsequently inclosed the possession, he should be confined to his inclosure; in other words, the appellees have never been ousted. This is wild land, and if that part of it in dispute has been severed by intervening sales from that part in the actual occupancy of the appellees, their possession will not, by construction, be held to embrace the land in controversy. The appellees are maintaining an action of

trespass that involves the title. They must show the title, either by patent or deed, or by possession, and this they have failed to do.

Judgment reversed and remanded with directions to grant a new trial, and for proceedings consistent with this opinion.